

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-216-CR

TONY CARROLL                                                         APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Tony Carroll was tried on five counts of indecency with a child. The jury found appellant guilty on counts one, four, and five. In a single point, appellant challenges the legal sufficiency of the evidence to support his conviction on count one. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Four-year-old M.C. and her younger cousin Skyler were playing at their grandmother Deborah's house one weekend in April 2006 when Deborah discovered M.C. on top of Skyler's naked lower half. Deborah's six-year-old daughter, Heather, had been watching, and she told Deborah that M.C. was kissing Skyler on her privates. Deborah asked M.C. if she had seen anybody do this or if anyone had done it to her. M.C. replied, "Papa T," a nickname she used for appellant, who was her grandfather and Deborah's ex-husband. Deborah called the police and M.C.'s father, T.J.

When T.J. confronted appellant, appellant initially denied that he had touched M.C. but then said that M.C.'s grandmother DeLena had given him some medicine to put on M.C.'s privates for a kidney infection when he picked M.C. up from DeLena's house and that he had rubbed the medicine on M.C. T.J. testified that he did not know of M.C. needing any kind of ointment or cream at the time and that whenever she had needed medicine, she had only taken medicine orally.

DeLena testified that she had always known whenever M.C. had had any medical condition, and that she could not recall a time when M.C. needed any ointments applied to her genitals.

2

Child Protective Services Investigator Avis Clark conducted a forensic interview with M.C. during which M.C. told Avis that while she was staying at appellant's house, appellant had "sticked" his finger inside her.

Licensed professional counselor Norma McCarthy performed an extended assessment on M.C. During one of their meetings, M.C. told Norma that appellant took out his "wienie," and put it on her dress. M.C. explained that she was standing up as appellant sat in a chair, and "yellow stuff" came out, splashing him. Appellant asked M.C. to touch his "wienie" and she did so twice. M.C. told Norma that appellant touched M.C.'s privates with his hand more than five times. Based on her experience and training, Norma believed that appellant was arousing or gratifying himself sexually.

Appellant admitted to Denton County Sheriff's Office Investigator Michael Hendrix that he had masturbated in front of M.C. and that she had touched his penis. Appellant said that he never touched M.C. but that she had a bladder infection and that he put some salve on her genitals to help with the infection.

Paula Fornara, a registered nurse and coordinator for Denton County sexual assault nurse examiners, testified that bladder infections are usually treated with oral antibiotics or, in severe cases, IVs, but not with topical ointments.

Appellant told Robert Harden that while M.C. was at appellant's house during spring break, he gave her a bath and noticed that her genitals were red so he inserted his thumb inside to inspect her for blisters. Appellant denied applying any ointment or salve. Robert testified that he asked appellant if M.C. was telling the truth about the allegations and appellant said that she was telling the truth. Then appellant admitted that he had masturbated in her presence and that she had touched his penis.

Using a doll, M.C., who was six at the time of trial, demonstrated for the jury how appellant had touched her between her legs.

On appeal, appellant challenges the legal sufficiency of the evidence to support the jury's finding that he engaged in sexual contact by touching M.C.'s genitals.

In reviewing legal sufficiency, we consider all the evidence in the light most favorable to the verdict and determine whether a rational juror, based on the evidence and reasonable inferences supported by the evidence, could have found the essential elements of the crime beyond a reasonable doubt.[2]

A person commits the offense of indecency with a child if, with the intent to arouse or gratify his sexual desire, he touches any part of a child's genitals,

---

[2] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

4

even through clothing, when the child is younger than seventeen years and not the person's spouse.[3]

Appellant argues that the evidence is legally insufficient to support the verdict because the evidence does not show that he touched M.C.'s genitals. We disagree.

M.C. told Avis that appellant "sticked" his finger inside her. Norma testified that M.C. told her that appellant had touched her privates more than five times. M. C. demonstrated to the jury how appellant had touched her between the legs. M.C.'s father, T.J., testified that appellant admitted to him that appellant had applied medicine to M.C.'s privates. T.J. also testified that appellant told him that DeLena had sent ointment with M.C. with instructions to put it on M.C.'s privates for a kidney infection. Nurse Fornara testified that the treatment for bladder infections is usually oral antibiotics, not topical salves or ointments. T.J. testified that he did not know of M.C. needing any topical ointments at the time and could only recall M.C. taking oral medicines. DeLena testified that she was very involved with M.C.'s day-to-day life, had always known her medical conditions, and had never known M.C. to have a bladder infection, a urinary tract infection, or any condition requiring that salve or

---

[3] *See* Tex. Penal Code Ann. § 21.11 (Vernon 2003).

ointment be applied to her genitals. Robert Harden testified that appellant admitted to him that M.C. was telling the truth when she said that appellant had touched her genitals, and appellant admitted that he had inserted his thumb into M.C.'s vagina while denying that he had applied lotion to her genitals.

We hold that the above evidence is legally sufficient to support appellant's conviction as charged in count one of the indictment. Therefore, we overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 19, 2009

6